Judge Mills
delivered the opinion.
This is an action of debt. The plaintiff declared that *163 a certain John Philips made his promissory note, negotiable and payable at the Glasgow branch bank to the defendant, who endorsed or assigned it payable to the order of said John Philips; and that said John Philips then endorsed or ordered its contents to be paid to the plaintiff, whereby the plaintiff alleges action accrued to him, and therefore he sues. This statement shews that the plaintiff, endorsee or assignee, has sued the defendant, a remote assignor and payee of the note. The court rendered judgment in favor of the plaintiff for his debt and interest, as upon a specialty, without the intervention of a jury; and the errors assigned in this court, not only question the sufficiency of the declaration and propriety of the judgment, but also (be plaintiff’s right to recover at all. The idea, that the note declared on, was placed on the footing of a foreign bill of exchange, and raised to the grade of mercantile paper, must have dictated this action. This idea is, however, based on a total mistake. The charter of the bank declares, that such notes, '■'■when discounted,” shall be placed on the footing of foreign bills of exchange. Of course, those, and those only, which are discounted, can claim that grade; and those not discounted, allho’ they are made payable and negotiable at the bank, remain on the footing of oilier bonds or notes made assignable by act of assembly; and the question is too well settled, by repeated decisions, that such are not subject to the law merchant. If this note had been discounted by the bank, and then passed by the bank to the plaintiff, or taken up by him as an endorser, on its being dishonored, it was necessary for the plaintiff, as the bank is not concerned in this suit, to have averred the fact that the note had been discounted; and also to shew the proper application for payment, and protest of the note, which he has not done; and bis declaration, on that ground, is who!-iy defective. If, however, this note never was discounted, the plaintiff’s declaration is not only defective in not shew-ingthathe had prosecuted the maker to insolvency by due diligence, or in not offering some reasonable excuse for not doing so; but a state of case is presented, wherein the plaintiff below is attempting to recover against a remote assign- or, which cannot be done at all, as was decided by this court in the case of Drake vs. Johnson, Har. 218.
Note msde pavable at bank ⅛ not t!ie;cbv ex-to the fjiJ o/ex* change; to if-roSt'hwe beendiscoun-ted at bank: ^d'suchnote occupies the ordiimtv sit-U8U0" uf a m¡™Soiynnute,
A -emote assignor of an “ordinary n?|e “ ro^il_ actUmof^ihe holder,
Thejudgment of the court below is therefore erroneous, and must be reversed with costs, and the cause remanded fd that court, with directions, that unless the plaintiff in *164 that court shall so amend his declaration as to shew that PaPer t)as been ra>sed to the footing of a foreign bill of exchange, and then, by proper averments, shew his right to recover thereon, his suit be there dismissed with costs.
Crittenden tor plaintiff, Bibb for defendant,